Swing, J.
The plaintiff in error was arrested and convicted before a justice of the peace, for exposing oleomargarine for sale without having a placard in a conspicuous place as provided by statute. The case was taken to the court of common pleas, where the judgment of the justice of the peace was affirmed, and the case is in this court on error to this judgment.
In the court of common pleas, the court was of the opinion that the judgment of the justice should be affirmed, on the ground that the bill of exceptions not being copied into the record, there was no proper bill of exceptions, and the court therefore did not pass upon the other questions in the case which were, first, whether on the admitted facts the plaintiff in error was guilty of an offense; and second, whether it is necessary that the bill of exceptions should be transmitted with the papers to the clerk of the common pleas within ten days from the decision, in order to secure to the party his rights under the statute. These questions however, all arise in this court.
First — Is it necessary that the bill of exceptions be copied at length upon the docket of the justice and a transcript of the docket record be filed with the petition in error? Prior to the amendment to sec. 6565, Revised Statutes, 90 O.L., 358, this was undoubtedly required, and whether it does now, or not,depends upon whether this section applies to criminal cases before a justice as well as to civil cases. In our opinion, this section does apply to criminal cases, and is the only provision of the statute which does make any provision for the mode of taking exceptions before a justice — and if it *373 does, by the express provision of this section, the bill of exceptions is not required to be copied into the record or docket. The language of the section is broad and comprehensive. It says: “In all cases before a justice of the peace,whether tried by jury or by the justice. * * .’’and if sec. 6565 does not apply to criminal cases, there is no provision in the statutes which makes_provision for the taking of exceptions in such case before a justice. . No such oversight as this can reasonably be entertained to have been made, and if it does apply as to the manner of taking of such exceptions, it must also be held to apply in all its provisions. And if it doe3, the bill need not be copied into the record.
The civil code does not contain any such statement as sec. 6565 contains, that “in all cases,’’and therefore, sec.7304, Rev. Stat. which relates to criminal cases, provides that the rules governing civil cases shall apply to criminal cases; but the justice’s section having provided for “all cases before a justice,” it was not necessary that there should be any similar provision for criminal cases before a justice, provided “all cases” meant “all cases,” both civil and criminal, and not simply “all” civil cases. ■ We are clearly of the opinion that the section is intended to apply to all cases tried before a justice.
We took this position in the case of Bosodi v. The State, in 13 C. C., 275, but the question was not then distinctly put in issue, and probably was not therefore a direct authority, and on that account we here state more fully our reasons for so holding.
Second. — 'As to whether is was necessary that the bill of exceptions should be filed with the clerk within ten days in order to avail plaintiff in error. This question was determined in the above cited case, and we adhere to the views therein stated.
Third. — Was the plaintiff guilty of an offense? The evi *374 dence clearly showed that what the plaintiff in error did was to expose to sale an article of pure butter, made from the milk and cream of cows, without any foreign substance of any kind in it; but said pure butter contained, according to the chemical analysis, something less than 80 per cent, of butter fats.
Tafel & Schott, Attorneys for Plaintiff in Error.
O. J. Benner, Attorney for Defendant in Error.
It is claimed on behalf of the state, that this article, admitted to be nothing but pure butter, is not pure butter, but oleomargarine, by reason of sec. 4200-10- -sec. 4,Revised Statutes, which section reads as follows:
“The word oleomargarine, as used in this act, shall be construed to mean any substance not pure butter of not less than 80 per cent, of butter fats, which substance is made as substitute for, in imitation of, or to be used as butter.”
We see nothing in th9 literal construction of this section, or when construed together with the other sections of^the act and considered with reference to the evil to be remedied, that leads us to believe that the legislature intended to enact that an article, admitted to be pure butter, should be called and designated as oleomargarine, provided said pure butter should not contain at least 80 per cent, of butter fats.
We think the judgments of the court of common pleas and the justice of the peace, should be reversed and said cause is remanded to the court of common pleas for further proceedings according to law.